**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>             Plaintiff,  )<br>  )<br>v.           )<br>  )<br>JASON GIESY,  )<br>  )<br>             Defendant.  )<br>_____) | **CRIMINAL ACTION**<br><br>No.  13-10156-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on the following motions:

1) Defendant Jason Giesy's motion to dismiss (Doc. 43) and the government's response (Doc. 50);

2) Defendant's motion in limine (Doc. 44) and the government's response (Doc. 51); and

3) Defendant's motion to sever (Doc. 45) and the government's response (Doc. 53).

**I.   Facts**

Defendant and co-defendant Jeremy Harris are charged in a superseding indictment with conspiracy to distribute marijuana (count 1), possession with intent to distribute marijuana (count 2), conspiracy to launder monetary instruments (count 3) and tampering with a witness (count 4).  The superseding indictment also names two additional co-defendants.  Co-defendant Amanda Harris is charged in count 5 with tampering with a witness.[1]  The last co-defendant, Evan

---

[1] Defendant is charged with threatening officer Michael Thode while Amanda Harris is charged with threatening Re'anne Giesy. (Doc. 47).

Woolsey, is charged in count 6 with possession of a firearm during a drug trafficking crime.

## II. Analysis

### A. Motion to Dismiss

Defendant moves to dismiss count 4 of the superceding indictment on the basis that the allegations fail to establish the charge. Fed. R. Crim. P. 7(c) requires an indictment be merely a "plain, concise and definite written statement of the essential facts constituting the offense charged." An indictment is held only to minimal constitutional standards, and the sufficiency of the indictment is determined "by practical rather than technical considerations." United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1997). "An indictment is sufficient if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend and if it enables a defendant to assert an acquittal or conviction in order to prevent being placed in jeopardy twice for the same offense." United States v. Poole, 929 F.2d 1476, 1479 (10th Cir. 1991).

Count 4 of the superceding indictment charges defendant with a violation of 18 U.S.C. § 1512(b)(1). To establish the elements of the charge, the government must prove beyond a reasonable doubt that defendant (1) knowingly, (2) attempted to intimidate and/or threaten Officer Thode (3) with the intent to influence his testimony (4) at an official proceeding. United States v. Stroup, No. 07-8085, 2008 WL 2914964 (10th Cir. July 30, 2008). Defendant argues that there was no official proceeding and that defendant's statements were not sufficient to constitute an attempt to intimidate. (Doc. 43 at 3).

The court, however, does not consider the evidence at this stage of the proceedings. The allegations charged in the superceding indictment set forth the elements of section 1512(b)(1). Therefore, the indictment is sufficient. Poole, 929 F.2d at 1479.

**B. Motion in Limine (Doc. 44)**

Defendant moves for the exclusion of any evidence of other crimes, wrongs, or bad acts allegedly committed by defendant, co-defendants, or any alleged co-conspirator. The government objects on the basis that the motion fails to identify the evidence defendant seeks to exclude. The court agrees.

Defendant's motion is denied, without prejudice.

**C. Motion to Sever (Doc. 45)**

Defendant moves for severance from Jeremy Harris pursuant to Rule 14(a) which states that if a joint trial "appears to prejudice a defendant, . . . the court may order separate trials of counts [or] sever the defendants' trials." Fed. R. Crim. P. 14(a). Multiple defendants may be tried together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Joint trials of defendants who are charged together are preferred because "they promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." United States v. Hall, 473 F.3d 1295, 1301 (10th Cir. 2007) (quotation omitted). Severance is discretionary and should be granted only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."

Id. at 1302 (quotation omitted).

Defendant contends that he will be prejudiced because the majority of the evidence will be against Harris, there will be a potential spillover effect and that the case will involve inconsistent defenses. The government responds that defendant has not established actual prejudice.

Both defendant and Harris are charged in the conspiracy counts. The Tenth Circuit has held that co-conspirators in a conspiracy trial should be tried together. United States v. Clark, 717 F.3d 790, 817 (10th Cir. 2013). Potential "spillover" can be cured with proper limiting instructions at trial. United States v. Emmons, 24 F.3d 1210, 1219 (10th Cir. 1994) (concluding jury instructions eliminated any alleged spillover effect of disproportionate evidence presented against co-defendant). In addition, "the mere possibility of antagonistic defenses provides an inadequate basis for severing trials." United States v. Dirden, 38 F.3d 1131, 1141 (10th Cir. 1994).

At this time, defendant has failed to establish prejudice. Therefore, the motion to sever is denied, without prejudice.

**III. Conclusion**

Defendant's motion to dismiss is denied. (Doc. 43). Defendant's motion in limine and motion to sever are denied, without prejudice. (Docs. 44, 45).

IT IS SO ORDERED.

Dated this   7th   day of March 2014, at Wichita, Kansas.

                                        s/ Monti Belot
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE